UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CYNTHIA MONTGOMERY,                :
                                   :   NO. 1:05-CV-00476
        Plaintiff,                 :
                                   :   **OPINION & ORDER**
                                   :
    v.                             :
                                   :
                                   :
                                   :
DAVID D. DONNETT,                  :
                                   :
        Defendant.                 :

This matter is before the Court on the Plaintiff Cynthia Montgomery's Motion for Partial Summary Judgment (Liability Only) (doc. 7). No Response by Defendant David D. Donnett has been filed. Plaintiff notes that in Paragraph 1 of Defendant's Answer he admits Paragraphs 4 to 19 of the Complaint (doc. 4). Those facts admitted to by Defendant are:

> 1. Plaintiff was a tenant in a residential housing complex known as Villages of Wildwood (hereinafter "the Landlord").
>
> 2. Defendant was at all relevant times the Landlord's attorney and also a debt collector within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).
>
> 3. Plaintiff tendered her rent for the month of April 2005, but the Landlord returned it because of a dispute over pet fees and served a notice upon Plaintiff to leave the premises, pursuant to Ohio law.
>
> 4. On April 13, 2005, Defendant filed suit in Fairfield, Ohio, Municipal Court, on behalf of the Landlord, claiming the premises, April rent and future rent. The Fairfield Municipal Court issued an order on April 27, 2005 dismissing the case with prejudice "at the landlord's cost." The Landlord did not appeal.

>       5.  Plaintiff tendered her May 2005 rent at the beginning of May (Id.).  The Landlord applied it to April and demanded another check for May.
>
>       6. Plaintiff's attorney informed Defendant by letter dated May 4, 2005 that Plaintiff would pay the additional rent as soon as the res judicata effect of the April 27, 2005 final entry was corrected.
>
>       7.  However Defendant had his client serve upon Plaintiff another notice to leave the premises, claiming the same amount of overdue rent as in the previous notice, plus late fees.
>
>       8.  On May 23, 2005, Plaintiff's attorney wrote to Defendant and urged him for the second time not to file another lawsuit when the first suit had been dismissed with prejudice.
>
>       9. Subsequently, Defendant filed suit against Plaintiff, claiming the Landlord's entitlement to the premises plus back rent and future rent.
>
>       10. Trial was held on June 8, 2005.  The Magistrate ruled that Plaintiff could not be evicted and did not have to pay any back rent because of the order dismissing the case with prejudice.  The trial transcript shows Defendant conceding that "we have to correct it," indicating his agreement that there was an entry on the docket which prevented his lawsuit from succeeding.

(doc. 7).  These, purports Plaintiff, are the only facts the Court need consider in ruling on the pending Motion (Id.).

Plaintiff argues that suing on a debt barred by res judicata is analogous to suing on a time-barred debt, a practice uniformly held to violate the FCDPA as a matter of law (Id.).  The Plaintiff cites Goins v. JBC & Assoc., PC., 352 F. Supp. 2d 262 (D.

-2-

Conn. 2005) for the proposition that a debt collector who threatens to bring or actually brings an action on a time-barred debt violates the FDCPA, specifically 15 U.S.C. § 1692e. Id. at 272. Plaintiff also cites Simmons v. Miller, 970 F. Supp. 661, 664 (S.D. Ind. 1997) ("defendants' liability . . . hinges on whether defendants knowingly brought a time-barred action against plaintiff"), Stepney v. Outsourcing Solutions, Inc., 1997 WL 722972 at *5 (N.D.Ill. Nov. 13, 1997) ("[Plaintiff's] allegation of the threatened suit on time-barred debts suffices to state a cognizable claim under . . . the FDCPA . . ."), Aronson v. Commercial Fin. Servs. Inc., 1997 WL 1038818 at *2 (W.D.Pa. Dec. 22, 1997) ("a threat to sue a consumer on a claim that the debt collector knows is barred by the statute of limitations violates section 1692e(2)(A) of the FDCPA . . . the FDCPA also bars the use of any false information or deceptive means to collect a debt or to obtain information about a consumer. . ."), and Beattie v. D.M. Collections, Inc., 754 F.Supp. 383, 393 (D.Del. 1991) ("the threatening of a lawsuit which the debt collector knows or should know is unavailable or unwinnable by a reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate"), as well as others (doc. 7).

The Goins court discussed an attorney's duty pursuant to Rule 11 of the Federal Rules of Civil Procedure in this situation. Goins at 272. The court states:

> That the statute of limitations is an affirmative defense does not relieve defendants of their professional

-3-

>responsibility, when they do not dispute the applicability or viability of the defense. Because defendants were not entitled to sue in such circumstances, the threats to sue . . are improper.

Id. Furthermore, the Plaintiff cites Kimber v. Fed. Fin. Corp., 668 F. Supp. 1480 (M.D. Ala. 1987), which states:

>Because few unsophisticated consumers would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts, such consumers would unwittingly acquiesce to such lawsuits. And, even if the consumer realizes that she can use time as a defense, she will more than likely still give in rather than fight the lawsuit because she must still expend energy and resources and subject herself to the embarrassment of going into court to present the defense; this is particularly true in light of the costs of attorneys today.

Id. at 1487.

The Plaintiff maintains that there is no difference between the conduct of a debt collector who knowingly brings an action on a time-barred debt and a debt-collector who knowingly brings an action on a debt barred by res judicata (doc. 7). Plaintiff highlights that there is nothing inherently wrong in a debt collector filing a collection action that is time-barred (Id.). In fact, the Plaintiff notes that Rule 11 of the Federal Rules of Civil Procedure does not require an attorney to warrant that there is no "dead-on affirmative defense to his client's claim" such as a statute of limitations defense (Id.). However, despite no inherent violation of Rule 11, Plaintiff submits that the FDCPA makes the mere filing of such a complaint a violation as a matter of law (Id.).

-4-

The FDCPA prohibits the use of any "deceptive . . . means in connection with the collection of any debt (i.e., Section 1692e)," the "false representation of the . . . legal status of any debt (i.e., Section 1692e(2)(A)), and the use of any "deceptive means . . . to collect or attempt to collect any debt (i.e., 1692e(1)). Thus, concludes the Plaintiff, the suing of a debtor with full knowledge that the plaintiff-creditor must lose the case if the defendant-debtor presents his or defense to the court is a "deceptive means to collect a debt" (Id.). Accordingly, Plaintiff urges this Court to find that a legal basis exists for granting summary judgment as no single material fact is disputed (Id.). Furthermore, since Section 1692k(a)(2) limits statutory damages to $1,000.00 per "action," not "violation," the Plaintiff avers that granting the instant Motion will result in no further proceedings on liability; only damages will be at issue (Id.).

The Court has reviewed the transcripts provided by Plaintiff of the April 27, 2005 and June 8, 2005 court hearings held in the Fairfield, Ohio Municipal Court (docs. 8, 9). These transcripts reflect that the actions brought by the Landlord were dismissed by the Fairfield, Ohio Municipal Court Magistrate with prejudice (docs. 8, 9). Additionally, the Court agrees with the Plaintiff's recitation of the facts in that the Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6). Furthermore, the Court finds that Defendant violated the FDCPA.

The Court is persuaded by Plaintiff's argument that no difference exists between the conduct of a debt collector who

knowingly brings an action on a time-barred debt and a debt-collector who knowingly brings an action on a debt barred by <u>res judicata</u>.  The transcripts are clear that Defendant knew the debt was barred by <u>res judicata</u> (doc. 9).  Also, counsel for Plaintiff on two occasions, May 4 and May 23, 2005, requested that Defendant not file another lawsuit when the first had been dismissed with prejudice (doc. 7).  Clearly, Defendant had the requisite knowledge contemplated under the FDCPA.  As the FDCPA prohibits actual suits or threatened suits on time-barred debts and as the Court has determined that debts barred by <u>res judicata</u> are analogous to time-barred debts, Defendant is liable pursuant to the FDCPA.  <u>See</u> <u>Stepney</u> and <u>Aronson</u>.

      As such, Plaintiff's Partial Motion for Summary Judgment is GRANTED (doc. 7).  A status conference is hereby scheduled for December 14, 2005, at 11:00 A.M.

      SO ORDERED.


Dated: November 29, 2005    /s/ S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge