```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

CYNTHIA MONTGOMERY,          :
                             :    NO. 1:05-CV-00476
       Plaintiff,            :
                             :    **OPINION & ORDER**
                             :
   v.                        :
                             :
                             :
DAVID D. DONNETT,            :
                             :
       Defendant.            :

This matter is before the Court for the second time on the Plaintiff Cynthia Montgomery's Motion for Partial Summary Judgment (Liability Only) (doc. 7). On November 29, 2005, the Court granted Plaintiff's Motion for Partial Summary Judgment as to Liability Only (doc 12). No opposition had been filed to that motion. However, at a Status Conference held on December 14, 2005, the Defendant claimed he had not been served with the Plaintiff's Motion for Partial Summary Judgment and requested an opportunity to file his opposition to the motion. The Court permitted this and advised the parties that the Court would reconsider its previous ruling upon completion of the briefing on the motion. The Defendant filed his opposition to Plaintiff's Motion on December 14, 2005, (doc. 14) and the Plaintiff filed her reply on December 22, 2005 (doc. 15). Therefore, the matter of Plaintiff's Motion for Partial Summary Judgment comes before the Court again.

The facts of this case are detailed in the Court's Order of November 29, 2005 (doc. 12). Briefly, Plaintiff was a tenant in a residential housing complex known as Villages of Wildwood

(hereinafter "the Landlord") (Id.). Defendant was at all relevant times the Landlord's attorney and also a debt collector within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6) (Id.). On April 13, 2005, Defendant filed suit against Plaintiff in Fairfield, Ohio, Municipal Court claiming the premises, April rent and future rent (Id.). The Court dismissed the case with prejudice and the Landlord did not appeal (Id.). Plaintiff then submitted May's rent, which the Landlord applied to April and then demanded another check for May (Id.). Plaintiff's attorney informed Defendant that Plaintiff would not pay that rent until the res judicata effect of the Municipal Court's final entry was corrected (Id.). In response, Defendant again served notice upon and filed suit against Plaintiff, claiming the Landlord's entitlement to the premises, back rent and future rent (Id.).

Plaintiff argued in her Motion for Partial Summary Judgment that suing on a debt barred by res judicata is analogous to suing on a time-barred debt and is a violation of the FDCPA as a matter of law (doc. 7). The Court agreed, finding that "no difference exists between the conduct of a debt collector who knowingly brings an action on a time-barred debt and a debt-collector who knowingly brings an action on a debt barred by res judicata" (doc. 12).

Defendant does not take issue with the Court's finding in this regard. Instead, Defendant argues that res judicata did not apply to the second suit because the first order of the Municipal Court was not a "final judgment or decree" (doc. 14). He rests

-2-

this argument on an assertion that the Municipal Court, during the pendency of Defendant's second suit against Plaintiff, issued a nunc pro tunc order clarifying that its order in the first suit was a dismissal of the eviction claim only, not a decision on rents due (Id.).

The Court has reviewed the entire record in this case, including the transcripts provided by the Plaintiff and all memoranda filed with the Court and can find no record of a nunc pro tunc order issued by the Municipal Court. Even if such an order had been issued, this would not alter the fact that Defendant instigated the second suit while operating under the knowledge that the first suit had been dismissed with prejudice and would thus preclude the second claim. As the Court noted in its November 29, 2005 Order, Defendant knew at the time he filed his second suit that the debt was barred by res judicata (doc. 12). Even with this knowledge, Defendant proceeded to file the second suit. What may or may not have happened at the Fairfield, Ohio Municipal Court after that does not speak to the issue at bar: whether Defendant's second suit, filed at a time when he had actual knowledge that res judicata would operate as an affirmative defense to the suit, was a violation of the FDCPA.

The FDCPA prohibits actual or threatened suits on time-barred debts. See, e.g. Goins v. JBC & Assoc., PC., 352 F. Supp. 2d 262 (D. Conn. 2005); Aronson v. Commercial Fin. Servs. Inc., 1997 WL 1038818 at *2 (W.D.Pa. Dec. 22, 1997). The Court relies on its analysis and reasoning of the November 29, 2005 Order and

-3-

affirms that debts barred by res judicata are analogous to time-barred debts. At the time Defendant filed the second suit, he knew it would be barred by the res judicata effect of the first suit. Therefore, Defendant is liable pursuant to the FDCPA.

As such, the Court REAFFIRMS its earlier Order (doc. 12) in which it GRANTED Plaintiff's Motion for Partial Summary Judgment (doc. 7).

SO ORDERED.

Dated: February 7, 2006           /s/ S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge